UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHRYN CRIBBS,

    Plaintiff,

v.                                              Case No.:  8:21-cv-2973-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Kathryn Cribbs seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. Plaintiff also filed a reply memorandum (Doc. 13). As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I. **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A. **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

B. **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin,* 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance and for supplemental security income on October 25, 2018, alleging disability beginning on May 31, 2017. (Tr. 92, 93, 269-79, 280-85). Plaintiff later amended her alleged onset date to February 21, 2018. (Tr. 44,45). The applications were denied initially and on reconsideration. (Tr. 92, 93, 126, 127). Plaintiff requested a hearing, and on March 4, 2021, a hearing was held before Administrative Law Judge A. Benton. (Tr. 40-63).[1] On March 31, 2021, the ALJ entered a decision finding Plaintiff not under a disability from February 21, 2018, through the date of the decision. (Tr. 10-19).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 26, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 23, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 9).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 12). At step one of the

---

[1] Prior to the March 2021 hearing, Administrate Law Judge Joseph Doyle attempted to conduct a hearing in October 2020, but due to recording difficulties at the outset of the hearing, ended the hearing, and informed Plaintiff that the hearing would be rescheduled.

sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 21, 2018, the amended alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease with compression fracture, chronic obstructive pulmonary disease (COPD), and obesity." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except she can occasionally climb stairs and ramps, and never climb ladders and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She needs to avoid concentrated exposure to hazards, such as unprotected heights and moving mechanical parts, and to dust, odors, fumes, and other pulmonary types of irritants. She is unable to operate a motor vehicle commercially.

(Tr. 14-15).

At step four, the ALJ relied on the vocational expert's testimony to find Plaintiff was able to perform her past relevant work as a billing assistant. (Tr. 18). The ALJ determined that this work did not require the performance of work-related

activities precluded by the claimant's RFC. (Tr. 18). The ALJ concluded that Plaintiff had not been under a disability from February 21, 2018, through the date of the decision. (Tr. 18).

## II.     Analysis

On appeal, Plaintiff raises the issue of whether the ALJ properly evaluated the opinion of Plaintiff's treating physicians, Raphael Lopez, M.D. and Tom M. Porter, M.D. (Doc. 11, p. 3). Plaintiff argues that the ALJ findings that the opinions of Drs. Lopez and Porter were unpersuasive is not supported by substantial evidence for four reasons. First, Plaintiff asserts that the ALJ failed to consider the many abnormal medical examinations in the record. (Doc. 11, p. 5). Second, Plaintiff claims the treatment notes cited by the ALJ in the decision were not "truly" inconsistent with the limitations that Dr. Lopez and Dr. Porter determined. (Doc. 11, p. 6). Third, Plaintiff argues that ALJ erred in asserting that the opinion of consultative examiner Anand Rao, M.D. contradicted the opinions of Drs. Lopez and Porter. (Doc. 11, p. 7). Fourth, Plaintiff contends the ALJ relied on two pain management records in support of a finding of inconsistency, but these records were actually fully consistent with the opinion of Drs. Lopez and Porter. (Doc. 11, p. 7).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an

ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the

revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

The ALJ summarized the opinions of Drs. Lopez and Porter and provided reasons to find these opinions unpersuasive:

> I find the opinion of Raphael Lopez, M.D., to not be persuasive. Dr. Lopez opined that the claimant could frequently and occasionally lift up to five pounds, could stand for fifteen minutes at once, could sit for thirty minutes at once, would have lapses in concentration or memory several hours three or more days a week, and would miss work four days per

> month. (Exhibit 10F) This is inconsistent with the evidence that showed the claimant often had normal physical and neurological exams, and had a normal gait, intact sensation, negative straight leg raise testing, no muscle atrophy, no significant neural foraminal or spinal stenosis in the lumbar spine, and that her COPD did not require any emergency room visits or hospitalizations. (Exhibit 4F pgs. 13 & 19; 2F pg. 3; 8F pg. 2; 13F pg. 17; 19F pg. 1; 21F pg. 6; 6F) Additionally, the claimant reported no problems with attention and said she could follow written and spoken instructions well. (Exhibit 5E) Similarly, I do not find persuasive the opinion of Tom M. Porter, M.D., who opined that the claimant's impairments often interfere with attention and concentration, she can walk zero blocks without significant pain, can sit and stand/walk zero hours in an eight-hour workday, can occasionally lift and carry up to five pounds, has reduced use of the hands, fingers, and arms, and would miss work two to three times a month. (Exhibit 17F) The extreme limitations in this opinion are inconsistent with the evidence discussed just above.

(Tr. 17-18).

The ALJ then found that the RFC assessment was supported by the evidence. (Tr. 18). The ALJ noted that Plaintiff "often" had normal physical and neurological exams, a normal gait, intact sensation, negative straight leg raise testing, no muscle atrophy, and no significant neural foraminal or spinal stenosis in the lumbar spine. (Tr. 18). The ALJ also noted that Plaintiff's COPD did not require any emergency room visits or hospitalization. (Tr. 18). The ALJ further "considered the claimant's subjective complaints, and based on these and evidence of spinal tenderness, some instances of positive straight leg raise testing, reduced lumbar range of motion, an unstable gait, COPD, and obesity, limited the claimant to a reduced range of sedentary work." (Tr. 18).

Contrary to Plaintiff's first argument that the ALJ only considered normal examinations, the ALJ considered both Plaintiff's normal and abnormal medical examinations. The ALJ specifically noted that Plaintiff "often"—not always—had normal examinations. (Tr. 18). The ALJ also considered Plaintiff's subjective complaints and found support in the record for some instances of abnormal findings, such as spinal tenderness, positive straight leg testing, reduced lumbar range of motion, unstable gait, COPD, and obesity. (Tr. 18). Based on these findings, the ALJ limited Plaintiff to a reduced range of sedentary work. (Tr. 18). Thus, the ALJ considered both normal and abnormal examination results when assessing Plaintiff's RFC.

Plaintiff next asserts that the ALJ cited certain treatment notes from Dr. Lopez to support a finding that these records were inconsistent with the opinions of Drs. Lopez and Porter. Plaintiff argues that these treatment notes "were not truly inconsistent with the limitations and Dr. Lopez and Dr. Porter described." (Doc. 11, p. 6). In the decision, the ALJ cited records showing, among other things, normal physical and neurological exams. (Tr. 17-18). As cited by the ALJ, on examination in May 2018 and July 2019, Dr. Lopez found Plaintiff generally normal physically and neurologically, with normal upper and low extremity motor strength and sensory exam intact. (Tr. 519). Plaintiff claims that Dr. Lopez did not conduct complete musculoskeletal examinations and instead referred Plaintiff to pain management for

treatment for spinal enthesopathy. (Doc. 11, p. 6-7). Plaintiff then claims that the pain management records consistently show abnormal examination findings. (Doc. 11, p. 7). Even if pain management records have abnormal examination findings, some of Dr. Lopez's own records, such as those cited by the ALJ, show normal physical and neurological examinations. These normal findings are inconsistent with the extreme limitations found in Dr. Lopez's opinion and in Dr. Porter's opinion. Substantial evidence supports the ALJ's determination that Dr. Lopez's opinion is inconsistent with his treatment records and that Dr. Porter's opinion is inconsistent with these treatment notes as well.

    Third, Plaintiff claims that the ALJ erred in asserting that the opinion of consultative examiner Dr. Rao contradicted the opinions of Drs. Lopez and Porter. (Doc. 11, p. 7). As Plaintiff acknowledged, Dr. Rao noted Plaintiff had a normal gait and negative straight leg raises. (Doc. 11, p. 7, Tr. 583). Dr. Rao also found Plaintiff has normal range of motion in the upper and lower extremities. (Tr. 583). Dr. Rao found Plaintiff had "moderate to severe problem[s] with chronic back pain however she can do a moderate amount of work." (Tr. 584). He also found Plaintiff had some mental depression and anxiety that needed to be evaluated by a psychiatrist. (Tr. 584). Plaintiff argues that Dr. Rao found Plaintiff had moderate to severe problems with chronic back pain and found Plaintiff could only do a moderate amount of work, not that Plaintiff could work on a full-time basis. (Doc. 11, p. 7). Plaintiff claims that

Dr. Rao's opinion did not conflict with the opinions of Drs. Lopez and Porter. To the contrary, a plain reading of Dr. Rao's examination records shows Plaintiff had a generally normal examination, which as the ALJ explained, is inconsistent the extreme limitations found by Drs. Lopez and Porter.

Finally, Plaintiff contends that the two pain management records relied on by the ALJ were not inconsistent, but actually fully consistent with the opinion of Drs. Lopez and Porter. (Doc. 11, p. 7). In the first pain management record from September 22, 2020, Plaintiff reported pain in her lower back that radiates to her hips, knees, and legs. (Tr. 735). On examination, Plaintiff had full strength in her upper and lower extremities, positive straight leg raising tests, and other abnormal findings. (Tr. 735). Yet a few weeks later on October 8, 2020, during a pain management examination, Plaintiff had full strength in all extremities, full range of motion in the upper extremities and limited range of motion in the lower extremities. (Tr. 747). Plaintiff also had negative straight leg raising tests. (Tr. 747). While the first treatment note has some abnormal findings, two weeks later in the second treatment note, the findings were generally normal. In the decision, the ALJ considered both the abnormal and normal examinations and considered Plaintiff's subjective complaints. (Tr. 17-18). Specifically, the ALJ considered abnormal findings, such as evidence of spinal tenderness, some instances of positive leg raise

testing, reduced lumbar range of motion, and unstable gait in reaching an RFC assessment and substantial evidence supports the ALJ's findings.

Moreover, Plaintiff must do more than point to evidence in the record that supports her allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). She must show the absence of substantial evidence supporting the ALJ's conclusion. *Id.* Here, substantial evidence supports the ALJ's consideration of the opinions of Dr. Lopez and Dr. Porter and substantial evidence supports the ALJ's RFC determination. While Plaintiff argues that she is not asking the Court to reweigh the evidence, that is exactly what she is asking the Court to do. (Doc. 13, p. 3). As Plaintiff acknowledges, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, the ALJ's decision is supported by substantial evidence.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2022.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties